THE PEOPLE *ex rel.* W. W. Gifford, County Collector, Appellee, *vs.* JOHN DOE *et al.*—(THE CHICAGO, ROCK ISLAND AND PACIFIC RAILWAY COMPANY, Appellant.)

*Opinion filed December 17, 1912.*

TAXES—*reason given for an additional road tax need not be a definite specification of a particular purpose.* Under section 14 of the Roads and Bridges act, as amended in 1911, the reason stated in the certificate for an additional road tax need not be a definite specification of a particular purpose as distinguished from general road and bridge purposes.

APPEAL from the County Court of Will county; the Hon. G. J. COWING, Judge, presiding.

M. L. BELL, and A. B. ENOCH, for appellant.

GEORGE A. BARR, State's Attorney, for appellee.

Per CURIAM: The commissioners of highways of the town of New Lennox, in Will county, levied a tax of thirty-six cents on the $100 under section 13 of the Road and Bridge act. The appellant paid the amount extended against its property on account of this levy. The commissioners levied an additional tax of twenty-five cents on the $100 under section 14 of the Road and Bridge act. The appellant objected to this tax, but the county court overruled the objection and rendered a judgment against the appellant's property. The objection made is, that the certificate of the reason showing the necessity for the additional tax does not show any contingency in the nature of a casualty, accident or chance requiring such levy and that the purpose for which the additional levy is made is the same as that for which the levy under section 13 is made. The contentions made here, that the certificate for an additional levy under section 14 must state an extraordinary or unusual event in the nature of a casualty, and that the

reason stated must be a definite specification of a particular purpose and not the general necessity for road and bridge purposes, have received our consideration at this term and have been overruled. (*People* v. *Cairo, Vincennes and Chicago Railway Co. ante* p. 286; *People* v. *Cleveland, Cincinnati and Chicago Railway Co. ante,* p. 423.) While the board of town auditors and the assessor must exercise their judgment in determining the necessity of the additional tax and the validity of the reason therefor, their decision is final.            *Judgment affirmed.*